IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EDVIN BARKER, #264430, )
a.k.a., Edwin Barker and Edward Barker, )
 )
    Plaintiff, )
 )
v. ) CIVIL ACTION NO. 2:17-CV-527-MHT
 )
MONTGOMERY POLICE DEPT., et al., )
 )
    Defendants. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Edvin Barker ("Barker"), an indigent inmate who lists his address as the Montgomery County Detention Facility, on August 3, 2017.[1] In this complaint, Barker alleges that in 2002 an officer with the Montgomery Police Department violated his constitutional rights when the officer shot him without reason or provocation. *Doc. No. 1* at 2-3.[2] Barker also challenges the constitutionality of his arrest and imprisonment in February of 2009. *Id.* at 2. Barker seeks monetary damages for the alleged violations of his constitutional rights. *Id.* at 4.

---

[1]The Clerk stamped the complaint "received" on August 3, 2017. The complaint was hand delivered to this court. Under these circumstances, the court considers August 3, 2017 as the date of filing.

[2]A review of this court's records demonstrates that the shooting about which Barker complains occurred on September 26, 2002. *Barker v. Montgomery Police Dept.*, Civil Action No. 2:04-CV-452-MEF-VPM (M.D. Ala. 2004), dismissed on appeal, (11th Cir. July 5, 2005). The court takes judicial notice of its records. *Nguyen v. United States,* 556 F.3d 1244, 1259 n.7 (11th Cir.2009).

Upon review of the complaint, the court concludes that this case is due to be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[3]

## II. DISCUSSION

### A. Relevant Facts

The facts are gleaned from the complaint, the records of this court and state court records as contained on the Alabama Trial Court System, hosted at www.alacourt.com. *See Keith v. DeKalb Cnty*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) ("We take judicial notice of [the State's] Online Judicial System.").

On September 26, 2002, an officer with the Montgomery Police Department shot Barker while trying to serve a warrant related to a traffic citation. On April 7, 2003, Barker entered guilty pleas before the Circuit Court of Montgomery, Alabama to two counts of second degree assault arising from his arrest on September 26, 2002. The trial court sentenced Barker to concurrent sentences of fifteen years imprisonment on these convictions but suspended the sentences and ordered that Barker serve three years of probation. On November 16, 2005 in the Circuit Court of Montgomery County, Alabama, Barker entered guilty pleas to third degree escape and reckless endangerment. Again, the trial court suspended the sentence(s) imposed upon Barker and ordered that he serve three years of probation.

---

[3]The court granted Barker leave to proceed *in forma pauperis* on August 8, 2017 (Doc. No. 3). A prisoner granted *in forma pauperis* status will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Subsequently and during Barker's terms of probation for these offenses, the trial court issued warrants for his arrest due to his violation of the terms of probation. On February 18, 2009, law enforcement officials arrested Barker pursuant to these warrants. On March 10, 2009, the Circuit Court of Montgomery County, Alabama revoked Barker's probation in his escape and assault cases and imposed his concurrent fifteen year sentences.

### B. Shooting of Plaintiff in 2002 and Arrest in 2009

Barker alleges that he "was shot by a Montgomery Police Officer acting under color of law based on discrimination, animus and false pretenses, thus violating his Constitutional rights." *Doc. No. 1* at 3. As previously noted, the records of this court establish that this shooting occurred on September 26, 2002. Barker also appears to challenge the constitutionality of his arrest and imprisonment on February 18, 2009 based on arrests warrants issued by the trial court due to his violation of probation. It is clear from the complaint that Barker's claims challenging the constitutionality of actions which occurred on September 26, 2002 and February 18, 2009 are barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The actions about which Barker complains occurred on September 26, 2002, and February 18, 2009. By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) affords no relief to Barker from application of the time bar.[4] Thus, the statute of limitations as to Barker's excessive force and invalid arrest claims began to run on September 27, 2002 and February 19, 2009.[5] The limitations periods for these claims therefore expired on September 27, 2004 and February 22, 2011, respectively.[6] Barker filed the instant complaint on July 24, 2017. The filing of this civil action occurred well after expiration of each of the applicable periods of limitations.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district

---

[4]The tolling provision provides that if an individual who seeks to commence a civil action "is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability" to commence the action, not to exceed "20 years from the time the claim or right accrued." Ala.Code § 6-2-8(a). Although the state court records indicate Barker received mental health treatment at various times, they further establish that he had not been deemed legally insane at the time his causes of action accrued. These records also demonstrate that Barker was not under the age of 19 at the time his claims accrued.

[5]In computing the federal period of limitations, "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), Fed.R.Civ.P.

[6]Since expiration of the limitations period for the arrest claim fell on February 19, 2011, a Saturday, the one-year period of limitation expired the following Tuesday as Monday was President's Day, a federal holiday. Rule 6(a)(1)(C), Fed.R.Civ.P. ("[I]f the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.")

court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin [v. State of Oregon]*, 563 F.Supp. [1310,] 1330, 1332 [(D.C. Oregon 1983)]." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim sua sponte." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Barker has no legal basis on which to proceed with respect to the claims challenging his shooting on September 26, 2002 and his arrest/imprisonment on February 18, 2009. As previously determined, the statutory tolling provision is unavailing. Consequently, the two-year period of limitations applicable to each of each of the aforementioned claims expired prior to Barker filing the instant complaint. In light of the foregoing, the court concludes

that the use of force and arrest/imprisonment claims are barred by the applicable statute of limitations. These claims are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[7]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

The plaintiff may file objections to the Recommendation on or before August 25, 2017. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which his objection is made. The plaintiff is advised that frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution*

---

[7]The court notes that any claims Barker might seek to raise challenging the revocation of his probation by the Circuit Court of Montgomery County, Alabama in March of 2009 and the resulting term of incarceration would be barred from review in this civil action as habeas corpus is the exclusive remedy for such claims. *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

*Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 9th day of August, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE